BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:15-mc-00076-MCE-CKD |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $59,240.00 IN U.S. CURRENCY, et al., | |
| Defendants. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about January 26, 2015, agents with the U.S. Immigration and Customs Enforcement, Homeland Security Investigations ("HSI") and the California Bureau of Investigation, Department of Justice ("CAL DOJ") seized Approximately $59,240.00 in U.S. Currency from Khachatur Avdalyan's ("Avdalyan" or "claimant") safe deposit box located at Chase Bank in Gold River, California (the "defendant currency")[1].

2. The U.S. Customs and Border Protection ("CBP") commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others. On or about April 10, 2015, the CBP received a claim from Avdalyan asserting an ownership interest in the defendant currency.

---

[1] On September 25, 2015, the United States filed a civil forfeiture complaint against the Approximately $106,918.00 in U.S. Currency that was included in the previously filed Stipulation and Order for Extension of Time to File in this matter.

1

Consent Judgment of Forfeiture

3.      The United States represents that it could show at a forfeiture trial that during the Major League Baseball 2014 World Series, agents from HSI conducted an enforcement operation which targeted vendors of counterfeit MLB merchandise in the San Francisco Bay Area. During the investigation, agents identified Avdalyan as a wholesale distributor of counterfeit merchandise. A joint investigation of Avdalyan's criminal activity was initiated by HSI and CAL DOJ.

4.      The United States represents that it could also show at a forfeiture trial that HSI received information that Avdalyan was selling counterfeit and unlicensed sports apparel at the Galt Flea Market in Galt, California. In December of 2014, agents conducted surveillance of Avdalyan's booth at the Galt Flea Market. Based on their training and experience, they determined many of the sports items offered for sale at Avdalyan's booth were counterfeit and not licensed sports apparel. In January 2015, agents conducted surveillance at Avdalyan's residence and followed him to a self-storage facility in Rancho Cordova, California. Agents learned that Avdalyan was renting at least seven storage units at this facility.

5.      The United States represents that it could also show at a forfeiture trial that on January 13, 2015, Avdalyan sold counterfeit National Football League clothing for a total of $1,008.00 to a confidential informant, knowing the clothing to be counterfeit, that is, that the articles of clothing and the trademarks thereon, were not genuine. On January 21, 2015, agents monitored a controlled buy of counterfeit sports logoed hats and beanies between Avdalyan and the confidential informant at one of Avdalyan's units at the storage facility. The confidential informant gave Avdalyan $620.00 in recorded funds. Avdalyan possessed for sale hundreds of counterfeit T-shirts and other items from professional sports teams.

6.      The United States represents that it could also show at a forfeiture trial that during the two months agents conducted surveillance, they did not see Avdalyan go to a business or office space and do not know of any legitimate source of income for Avdalyan. The agents only saw Avdalyan travel between his residence, the storage facility, and the Galt Flea Market. On January 26, 2015, during the execution of state search warrants, agents found more than 6,000 counterfeit items at Avdalyan's residence and nine storage units he rented in Rancho Cordova, California. Agents also seized the

defendant $59,240.00 in U.S. Currency from Avdalyan's safe deposit box number 1821 located at Chase Bank in Gold River, California pursuant to a search warrant.

7.  The United States could further show at a forfeiture trial that on or about January 26, 2015, in in <u>The People of the State of California  v. Khachatur Avdalyan</u>, 15-F-00557, Avdalyan was charged with thirteen counts of criminal counterfeiting, all in violation of California Penal Code 350(a)(2).  On June 3, 2015, Avdalyan pled guilty to one count of counterfeiting.

8.  The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 18 U.S.C § 2323(a)(1)(C).

9.  Without admitting the truth of the factual assertions contained above, Khachatur Avdalyan and Nvard Avdalyan ("claimants") specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimants agree that an adequate factual basis exists to support forfeiture of the defendant currency.  Claimants acknowledge that they are the sole owners of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimants shall hold harmless and indemnify the United States, as set forth below.

10. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

11. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

12. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

   Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

13. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

14. Upon entry of this Consent Judgment of Forfeiture, $14,240.00 of the Approximately $59,240.00 in U.S. Currency, together with any interest that may have accrued on the entire amount

seized, shall be forfeited to the United States pursuant to 18 U.S.C § 2323(a)(1)(C), to be disposed of according to law.

15. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $45,000.00 of the Approximately $59,240.00 in U.S. Currency shall be returned to potential claimant Khachatur Avdalyan through his attorney Joseph A. Welch.

16. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimants waived the provisions of California Civil Code § 1542.

17. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

18. All parties will bear their own costs and attorney's fees.

19. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated:  October 5, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT